This is 4-15-0005, in re the matter of Matthew M. See Attorney Hart, Captain Hart is here on behalf of the appellant. Attorney Allison Brooks is here on behalf of Matthew Lee. Ms. Hart, are you ready, Chrissy? All right, let me just see. May it please the court, counsel, my name is Catherine Hart and I represent the appellant Matthew M. On September 15, 2013, Officer Marvel was summoned to the 900 block of West Market Street with a report that four young black males, four boys, may have been attempting to break into a parked car. Two of the boys ran west on Market and Marvel went west in an attempt to find them. As Officer Marvel drove in his marked squad car, he looked down alleyways and eventually saw two boys running down an alley. Marvel turned into the alleyway, activated his lights and sirens, and pursued the boys, both of whom continued to run. Marvel was able to pull up beside one of the boys, Matthew, in what Marvel described as a very narrow alley. And while the car was still moving, Marvel opened his car door and knocked Matthew face first to the ground. Marvel then pulled his car around in front of the prostrate boy, got out of his car and got on top of Matthew to arrest him. At that point, while lying face down in the alleyway, after being hit by a car, Matthew tried to get up. Marvel began subduing Matthew by punching him between the shoulders, an area commonly referred to as the spine, but somehow the hit connected with the back of Matthew's head, thereby injuring Marvel's finger. Matthew was subsequently charged and adjudicated delinquent of resisting arrest and causing injury to a police officer, a Class 4 felony. This summary is based purely upon the testimony of Officer Marvel. The questions before this court today are, was Officer Marvel's use of force unreasonable and excessive? And, if this force was excessive and unreasonable, was Matthew's reaction to struggle after finding a police officer on top of him, forcing him back to the ground after being knocked down by a moving car, subjectively and objectively reasonable? The answer to these questions is yes. To determine if Marvel's use of force was excessive, we must assess how much force an officer may use in making an arrest. A police officer making an arrest is justified in the use of any force which he reasonably believes to be necessary to defend himself or another from bodily harm while making the arrest. The reasonableness inquiry in an excessive force case is an objective one. The question is whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. Relevant circumstances include the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. An assessment of the force used by Marvel necessarily looks at the events as one continuous act. Marvel, in pursuit of two unarmed boys who may have attempted to break into a car, knocks down one of the boys with his moving squad car. This first shocking action is in response to nothing more than the fact that the boys are running. Upon stopping his car in a blocking maneuver across the alley, does Marvel tell us that he checked on the physical condition of the prostrate boy? No. Marvel puts himself on top of Matthew, trying to force Matthew back to the ground as Matthew attempts to get up. Then Marvel tells us that Matthew resisted being forced back down, and in that struggle, Marvel punched Matthew in the head so hard that Marvel broke his own finger. Marvel's actions were excessive and unreasonable, and triggered Matthew's right to self-defense. In order to raise a claim of self-defense, a person must establish some evidence of each of the following elements. One, force is threatened against a person. I think we can all agree that that occurred here. Two, the person threatened is not the aggressor. Again, I think we can all agree that Matthew was not the aggressor. Three, the danger of harm was imminent. Yes, Matthew had just been mowed down by a moving car, and an adult had jumped onto his back. Four, the threatened force was unlawful. In this case, certainly the force was unlawful. Five, he actually and subjectively believed a danger existed which required the use of the force applied, and six is his beliefs were objectively unreasonable. Fourteen-year-old Matthew is knocked down by a moving squad car, and then, while still lying prostrate on the ground, feels an adult police officer get on top of him and try to arrest him while he's trying to get up. In the meantime, Marvel punches Matthew in the head. Matthew's reaction and his use of force, which was simply to try to get up in reaction to Marvel's actions, were both objectively and subjectively reasonable. Officer Marvel's use of force was excessive and unreasonable. Marvel was looking for a couple of kids who may have broken into a car. No mention was made of weapons. What was the evidence from your client regarding what he did after he was on the ground? His testimony is that he did try to get up, but he doesn't admit to struggling or flailing. He does testify that he tried to get up. Marvel's testimony is... By doing what? Pardon? By doing what? Did he say what he did in the effort? He, I believe, pushed his head up. He started to rise up. Isn't his position, though, that he didn't resist? His position is that he didn't resist, but what does resist mean in these circumstances? Regardless, you can find all that you need to support a claim of self-defense from Officer Marvel's testimony. Even assuming that you disregard Matthew's testimony, if Matthew is... Marvel agrees that when he gets to Matthew, he's still lying face down in the alleyway. And he jumps on... he puts himself on top, is the wording that Officer Marvel testifies to. And he says he's trying to get up to flee. Well, that's partially speculation. Yes, Matthew was trying to get up. Matthew testifies that he was trying to get up. But Matthew says no, he didn't flail and struggle. In this case where a 14-year-old child has just been knocked down by a moving car, and then is laying face first in the alley, and an adult jumps on his back to arrest him, his reaction of trying to get up or struggling is perfectly reasonable. And in fact, would support self-defense. And you don't think, and obviously you don't in this fact scenario, that he has to say, I was resisting because... he has to say it in some way, perhaps not articulately, but I was resisting because the things he did to me were excessive, and I was fearful that I was going to get hurt. Well, I think we can agree that he probably was hurt already, having been knocked down. Well, I don't know that we can... part of that depends on whether he was going 30 miles an hour or 5 miles... Even if he was going 5 miles an hour, a moving car with an adult swinging a car door open to knock a running child face first to the alley. But regardless, the case law is that you can find all of the evidence that you need to support self-defense from just the state's evidence. It's not necessary to use a defendant's testimony, and in fact, even where the defendant's testimony conflicts, you can still have self-defense. And in this case, even to the extent that their testimonies conflict, which isn't hugely, there's sufficient evidence to find self-defense. Again, I want this court to think about what precipitated this entire interaction, which is that... Why does that matter? Because the amount of force that an officer uses is... you assess whether it's reasonable in part based on the facts that are available to them in their interaction with the defendant. And in this case, what we know is that there are some kids who may have been trying to break into a parked car, and in fact, they're never charged with that offense. So what if this was a mugging of a little old lady? How would that... and they saw him run from that scene, and the officers saw your client knock the little old lady down and kick her in the head. How would that have changed your argument? Those are two factors that are relevant in an inquiry as to whether the force... My question is, how would that have changed the argument you're making? It's a violent offense, kicking a little old lady in the head to rob her. So therefore, what the officer did was justified under my hypothetical, but not here? I don't believe that what the officer did in this situation is justified under any hypothetical. I don't believe that an officer should ever be running down kids with a moving car. I think that that is unreasonable and excessive force under any circumstance. But certainly... But then why does it matter? Because this situation is even more extreme. It's even more extreme because it's a possible property crime. It's a possibly breaking into a car with no evidence to suspect that these boys are dangerous or have weapons or anything. But Marvel said it was an accident. I think that we can all assess Officer Marvel's credibility. He's driving down a market. He looks down an alleyway. He sees two boys running. He has to presumably accelerate to catch up with them. It's a very narrow alleyway. And he's planning on passing them and blocking the alleyway. Why would Officer Marvel, who's presumably belted into the car, be opening his car door as he comes up to this running boy to knock him down? I think we can assess that testimony. We can also... Using our own common sense. But common sense could also tell us he doesn't need to drive 30 miles an hour to catch up with anybody. Even if he's not driving 30 miles an hour, even if he's driving 10 miles an hour, driving a moving car and then opening your car door and hitting a running child to knock them down an alleyway is excessive. Would the excessive disargument be stronger if the juvenile had suffered some injury? Well, actually, the juvenile did suffer injury. That wasn't brought out at trial. But in the SIR, the mother reports to the probation officer, who was taking the social investigation report, that when she was called to pick up her son at the Bloomington Police Department, she immediately took him to the hospital because his face was swollen and his ankle was sprained. I don't know why defense counsel didn't bring that out at trial. But that is in the SIR. So in line with that, should this court feel that the claim of self-defense is not properly before this court, you should consider it as ineffective assistance of counsel, where defense counsel in this case argued that both the initial act of knocking Matthew to the ground with a moving car and the subsequent blow to Matthew's head were deliberate acts of excessive force. There was simply no reason for him not to argue self-defense. If this court finds that counsel's ineffectiveness cannot be addressed on appeal, fundamental fairness requires that this court remand the case back to the trial court for hearing regarding this evidence. Because Matthew is a juvenile, he has no right to pursue post-conviction relief. This stuff came out in the PSI, you said? It's in the SIR. What is an SIR? Yes, it's the PSI, the Social Investigation Report. That's for the sentencing? Yes. Okay. So it's on page 9 of my brief. It says, Ms. Howard learned of her son's offense when police called her asking her to pick him up from BPD. She immediately took him to the emergency room due to a swollen face and a foot sprain. She testified at trial. He had a couple scrapes and bruises. Well, if I interview my client and he says, I didn't resist, I wasn't afraid of anything, I was angry. But this guy knocked me down. Does that alter counsel's perception of what he should do? The only legal defense to this circumstance is self-defense. Because you're making an argument, you're not allowed to resist arrest, even when it's unlawful, unless you say... But he said I didn't resist. My client tells me I did not resist at all. But the only way to get an acquittal in this situation is to make an argument of self-defense in the face of excessive force. The client says, I didn't flail, I didn't do anything, this guy's an ass, I was laying there. But that's actually not what Matthew does agree that he tried to get up, which is essentially all that Marvel argues. He tried to get up. Well, except for the flailing. Well, what does flailing mean? I don't know. I mean, you're laying prostrate in the alleyway, having been knocked down by a car, and you try to get up. Marvel said pushing away from him and flailing his arms and legs about in an effort to get away. That's a little more than just trying to get up. That's also an adult male on top of a 14-year-old. Matthew is described as being 5'9 and 145 pounds. He's not a particularly large kid. This is an adult male police officer on top of his back after he's been knocked to the ground. Well, he'd been running, so that's one thing, right? Yes, he was running down the alleyway. And the officer was trying to get him to stop. With a moving car. Well, he was trying to find him in the first place, right? Well, we don't even know if Matthew was one of those boys. There was never an underlying charge. Again, when you have a resisting arrest charge, you can't just say, well, it was an unlawful arrest. You have to argue, well, I resisted arrest because there was excessive force. What Justice Connect is trying to explain to you is if your client there is telling you, I didn't resist and that's my defense, I never did it, it's inconsistent to argue self-defense. How do you argue that? You talk to your client about what the best way is to proceed legally. That is your job as an attorney. And to say that Matthew wasn't afraid after being knocked down by a car, I mean, this is a 14-year-old kid. So for us to stand here and speculate, well, he told his client I wasn't afraid, that's pure speculation. I'm not talking about that. I didn't raise that issue. He testified, I never flail, I didn't struggle. So how do you get self-defense out of that? That's the issue. Because even what he told you, even what he said at trial, which is that I raised my head and I tried to get up, is part of what Marvel said. Marvel testified to more. But again, the case law is very clear that even when the defendant denies the resisting, you can still have a self-defense instruction. You can still claim self-defense based purely on the state's evidence. That's what People v. Bailey says. That's very clear. Would that be an abusive discretion standard on whether or not to give that instruction if this were an adult jury trial? But the defense attorney in this case never asked for that. No, but I'm asking. For the trial judge evaluating the evidence, could he say, I'm not going to give that instruction? Absolutely. If the defense attorney had asked for it, if the defense attorney had said, yes, I'm arguing self-defense, and the trial court had said, well, in his findings, or she actually, I don't believe that evidence warranted self-defense, then, yes, we would be arguing abusive discretion. But there was enough evidence in this case to support it. Absolutely. If this court has no further questions. I don't see any. Thank you, counsel. You have more time on rebuttal. Ms. Brooks? Good afternoon again, Your Honors. Allison Page Brooks, appearing on behalf of the people. May it please the court and counsel. First of all, this court has to keep in mind the context in which the defendant is raising their issue of self-defense. They're challenging the sufficiency of the evidence to convict. And in order for the state to have a burden of disproving the element of an affirmative defense, the affirmative defense has to be raised at the trial. And here the affirmative defense of self-defense was never raised at the trial, it's not well taken. So for that reason, the only thing they would have to go on is the ineffective assistance of counsel claim. But I'll address that in a little bit. Essentially, I'd like to talk about even if the affirmative defense had been raised by defense, would they have been entitled to that defense under   I think that's a good question. The parties agree that there is no combining of states and defense evidence in determining whether a claim of self-defense is made out in the evidence. So the defendant's position here is that just the state's case alone is sufficient to prove or to have some evidence of every element of the claim of self-defense. However, this case is distinguishable from cases like Bratcher and Rohrer where there was pretrial statements admitted from the defendant showing what was in their state of mind at the time that they committed force upon which force they were wanting to use as self-defense. In other words, in this case where there is nothing like that admitted, the state's case does not include statements from the defense as to their state of mind. So how could there be any evidence, the state's position, there is no evidence in this case that the defendant actually and subjectively believed that he was needed to use the force that he did in self-defense against a threat. What is your recollection of what the record shows that the respondent said he did after being knocked up? I know that he denied flailing. I'm not sure if he admitted that he used any force. I'm not sure if he said that he did. Did he say he tried to get up? I don't know the answer to that, Your Honor. I'm sorry. His heart breaks much of the fact that this young man was run down by the police officer and even if he was going at a slow rate of speed, it seems a little excessive, doesn't it? In terms of whether there was excessive force invoked to the arrestee's right of self-defense, the officer claimed that this was accidental and it seems reasonable that it is accidental in this term that's in the narrowness of the street. I believe it was a one-way street that he was driving down at the time. And in attempting to overtake the minor who was running away and be able to successfully catch him on foot, the officer decided that he had to open the car door at the same time as he was slowing down and getting ready to stop the car so he could get out and pursue. And in opening the car door while attempting to get out of the car quickly, that's how the minor got hit and knocked down. And if the officer claims it was accident, under the state's evidence upon which the defense wants to say that just the state's evidence is enough for self-defense instruction or self-defense claim, if that were the case, then the state's evidence shows that this contact was accidental and not a form of excessive force that would invoke self-defense. And even if that... I mean, he's, you know, the evidence says it's a narrow alley, and some of his testimony is, I wanted to hit him off at the pass. How do you hit him off at the pass if it's narrow? You wouldn't have enough room to put your car broadside. I'm not sure exactly. Well, he has to get ahead of the minor and then get out of the car in order to pursue on foot. So if the minor's not stopping when the car is coming down the street with his lights on, then presumably he's going to keep running. So the officer has to try to do something to head him off and pass him. I'm not sure if there's any indication as to where the minor was positioned in the roadway, whether it was possible for the officer to get the car around to either side of him. But apparently that's what the officer was attempting to do, is to get the car in front of the fleeing suspect so that when he opened the door, it hit him by accident. Let's assume for the moment that there is a strong record here of a basis for a claim of self-defense that defense counsel should have been aware of and should have raised at this juvenile delinquency proceeding. Is it correct that a post-conviction petition would not work for relief on a claim of ineffective assistance of counsel from a juvenile delinquency adjudication? Correct, Your Honor. So is Ms. Hart correct when she argues to us that if we were to find that this is an instance where ineffective assistance of counsel is at least colorable and should be pursued, that we should send it back to the trial court and remand for some sort of termination of that matter? And if she isn't, what is the alternative that we would have? And again, assuming, as I begin my question, that there is a strong basis for ineffective assistance of counsel, what do we do? I understand your question, Your Honor. I did not have a chance to brief whether there's any precedent for remanding a juvenile court act case to the trial court for taking of additional evidence, for example, because in cases of direct appeal, of which this is, this court, in adult criminal cases, is able to defer proceedings to the Post-Conviction Hearing Act where a record can be made. But if the record has to be made on a remand, for example, from this appeal, then if there is precedent for that, then it would be something that this court could do in order to permit the defendant to make a remand. Actually, that was a very inventive argument by Ms. Hart. I'm not sure that there is, and I just wanted to get your thoughts on it because on the one hand, it seems to me that in an appropriate case, I'm troubled that a juvenile delinquent wouldn't have an opportunity to raise an effective assistance. On the other hand, I'm not aware of exactly what the procedure would be. She said, fundamental fairness, let's send it back. I guess kind of like the juvenile equivalent of a crinkle hearing, only more so. We have some experience with that. Yes, Your Honor, except the respondent did not complain about ineffective assistance to the trial court. Well, that's right. There was nothing at the trial level, but, I mean, we're hearing it now. And in an appropriate case, what would we do? I understand, Your Honor. If there is precedent, like, for example, not just in delinquency cases, but in other cases where respondent parents in abuse and neglect cases are under area precedent for this sort of remand. But as far as the record exists at this point, it is trial strategy. And where the respondent insists that he didn't resist arrest, it's not required for the counsel to interject an alternative defense, a self-defense. So in a sense you seem to be arguing that who knows what approach or even additional evidence might have been presented or sought had the state known that this was going to be the defense raised at the trial level, that is what could have been presented at the trial level, which is why the minor respondent, like other defendants, shouldn't be permitted to raise it for the first time on appeal. I'm not sure I understand the question. I won't blame you. I'm not sure I would understand it either if I were listening to it. Let me try again. It seems to me you seem to be arguing that we shouldn't entertain the argument on appeal because had the minor respondent at trial raised self-defense as an indication in some fashion, the state might have been able to address it directly at trial through additional testimony. I think the state's position is that there is no showing to rebut the strong presumption of trial strategy, what counsel did to represent a defendant, a respondent who was insisting that he didn't, and took the stand and testified. Instead of claiming in his testimony that he feared the police, he feared additional unlawful excessive use of force, and that is why he did what he did. Without that testimony or any pretrial statements that would be in the state's case to that effect, then there's no basis for self-defense instruction, and that's why the respondent would not be prejudiced. So the respondent would have to make a case, for example, if this were remanded for an evidentiary hearing, they would have to make the case that they told their counsel that they wanted to testify to the elements of self-defense, but counsel wouldn't let them, or something to that effect. Because they, in fact, took the stand and testified in a different way, as contrary to self-defense claim, then it can't be blamed onto the counsel's fault for failing to present a self-defense case unless it were contained as defense claims in this case, entirely within the prosecution's case, in which case an argument couldn't possibly have been made that self-defense elements from defense could be raised solely from what the prosecution put on. But in this case, excessive force merely invokes an arrestee's right of self-defense. It doesn't justify anything or everything that the respondent would do in response to excessive force. So if the respondent were solely motivated by a desire to get up and flee because he doesn't want to be apprehended, or if he does something, for example, in a different case, in retaliation to the officer's excessive force, self-retaliation is not a right in self-defense. And if his motivation was not because he feared further force against police, but was just simply to get away because he didn't want to be arrested, that's not self-defense either. So the respondent has to actually and subjectively and objectively, reasonably believe that his conduct is necessary in order to defend against the imminent use of unlawful force. And imminent means future. He's not defending himself from what already happened. He has to reasonably believe and objectively and subjectively reasonably believe that additional unlawful force is coming, and that's why he needs to do what he does in order to defend himself against that. And we're the only contact that's alleged to be unlawful prior to the resisting arrest, which is his struggling. Of course, once he's punched and the officer breaks his hand, he's already arrested, resisted arrest. So that cannot be unlawful excessive force, because we're not complaining about additional conduct of resisting after the point the officer's injured. So it has to be what the respondent did before that, after he's knocked down but before he's punched and Officer Marvel's injured, he has to that time objectively and subjectively reasonably believe that he was, what he did, flailing, struggling, punching, pushing, I'm sorry, pushing the officer to get up and get away was necessary to prevent an imminent threat of future force, unlawful force. And so for those reasons, the state's evidence did not support a self-defense claim, and the state is not required to disprove that beyond a reasonable doubt. And even if this self-defense claim was raised, properly raised by the evidence, the state disproved it beyond a reasonable doubt, and this court would have to review the evidence in the light most favorable to the prosecution. So this court could infer that the respondent was simply trying to flee to avoid apprehension, and he's not trying to protect himself from additional threats of force because Officer Marvel testified, and this court would have to accept if it's reasonable the credibility of this claim that the contact with the car door was accidental in nature. The response to resistance was approximately a proximate cause of the injury. Because of his resistance, Officer Marvel was not able to appropriately target his punch that was trying to take the minor back down in order to secure the arrest, and ended up hitting the back of his head instead, a hard area that resulted in a broken bone inside his hands. So for that reason, the felony charge was proved beyond a reasonable doubt, and that is the extent of the state's argument. I'd entertain any other questions. I don't see any. Thank you. Thank you, Ms. Burtz. Any rebuttal, Ms. Burtz? Yes, ma'am. This is, in some ways, complicated by the fact that this is a juvenile case. It's part of what is so compelling about the case to me, and it is also part of the problem, which is that Matthew has no remedy to address a claim of ineffective assistance of counsel. So am I correct that a PC wouldn't apply in this case? That's correct. We couldn't do what we often do with adult criminal cases of deferring and inviting a PC to be filed and a record made, et cetera. That's correct.  and I thought Ms. Hart, their argument was very interesting, and I was thinking about it, and I asked her, and I'm not aware, and maybe you just thought of it up out of wholesome cloth, and good for you if you did, is there some precedent for what you've asked us to do, which is essentially if we think ineffective assistance of counsel might be so it could conduct a hearing on that matter? There is no case directly on point, if that's what you're asking me, but this is not dissimilar from a Krankel inquiry. We do that. You're right. Krankel's obviously just a sign whether counsel should be appointed, but am I correct that what you're essentially asking is that we were remanded for the trial court to conduct a hearing on ineffective assistance of counsel if we thought that was demonstrated? That is what we're asking, because fundamental fairness would require that. Matthew has no other remedy to address his constitutional claim unless this court would like to make a statement that juveniles are allowed to file post-conviction petitions, which is the only other possibility. Of course, that's a statutory remedy.  So far the courts of Illinois have found. But do you think we have the discretion under Rule 366, whatever it is, to fashion a remedy of the kind you're talking about here? Yes, I do believe that this court has that authority. To the best of your knowledge, that hasn't been heretofore done. I have never seen this precise situation, no. I haven't. In answer to your questions about what Matthew testified to, in Volume 6 at Record 33, Matthew does testify that he was facedown. He does say that he wasn't flailing around, but he also does state that he lifted his head, and that Marvel pushed his head back down, and that's when he was struck in the back of the head, and presumably that's when Marvel broke his finger. The bottom line here is that these are fairly egregious facts, in terms of what the police officer did, and if you only look at Officer Marvel's testimony, and you don't look at Matthew's, there is enough for a self-defense claim here. And all that Matthew did was lay on, even if he laid on the ground and flailed around and lifted his head, he was not, he had a defense to this unreasonable force, and he should not have an adjudication of delinquency for resisting a police officer and causing injury. I'm repeating, I think, what Judge Steigman said, but I want to make sure that I'm clear. You say we could take the bold step of saying juveniles ought to have post-conviction rights, or we could say this needs to be remanded for the trial court to determine whether there was ineffective assistance to counsel, without the structure of a post-conviction. The better remedy here for Matthew, for fundamental fairness, because if this court said juveniles should have the right to file a post-conviction petition, that would, in a sense, be dicta. So that simply is another possibility. If you're not going to agree that there was self-defense here, then the best remedy for Matthew, in fundamental fairness, requires that it get remanded for a hearing on this. And I do believe that this court has that authority. We always like it when lawyers tell us we have the authority to do these sorts of things. If this court has no further questions. I don't see any. Thank you. We'll be at recess and take this matter under advisement.